UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

JASON LIGTENBERG,                                    Case No. 16-CV-4398 (JRT/LIB)

                        Petitioner,

v.                                                   **REPORT AND RECOMMENDATION**

BECKY DOOLEY, Warden for the Moose
Lake Correctional Facility,

                        Respondent.

This matter comes before the undersigned United States Magistrate Judge upon the routine supervision of the cases that pend before the Court pursuant to a general assignment made in accordance with provisions of 28 U.S.C. § 636, and upon Petitioner Jason Ligtenberg's Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. [Docket No. 1].

This Court has conducted a preliminary review of Ligtenberg's habeas petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Based on that review, this Court finds that Ligtenberg's petition is untimely and recommends dismissal on that basis.

According to the procedural history provided in his habeas corpus petition, Ligtenberg was found guilty of first-degree and second-degree criminal sexual conduct after a jury trial in Minnesota state court in 2007. (See, Petition, [Docket No. 1], at 4); State v. Ligtenberg, No. A08-0073, 2009 WL 1677852 (Minn. Ct. App. June 16, 2009). The Minnesota Supreme Court declined review of the appellate decision affirming the conviction on August 26, 2009. (See, Petition, [Docket No. 1], at 4-5). Ligtenberg did not seek a writ of certiorari from the United States Supreme Court on direct appeal.

Ligtenberg has filed two petitions for post-conviction relief and a habeas corpus petition in state court following the conclusion of his direct appeal.[1] The first of these petitions for post-conviction relief was filed in July 2011, (see, Petition, [Docket No. 1], at 5), and denied by the trial court on October 10, 2011. See, Ligtenberg v. State, No. A11-2207, 2012 WL 3263879, at *1 (Minn. Ct. App. Aug. 13, 2012). The denial was affirmed by the Minnesota Court of Appeals, see, Id., and the Minnesota Supreme Court declined review on October 24, 2012. (See, Petition, [Docket No. 1], at 5).

In November 2014, Ligtenberg sought habeas corpus relief in state court. (Id.). The petition was summarily denied (according to Ligtenberg) because relief was available through the state's statutory post-conviction relief procedures, making his habeas corpus petition unnecessary. (Id.). Ligtenberg then filed his second petition for post-conviction relief in June 2015; these claims were summarily denied by the trial court as being untimely, barred because the claims could have been raised previously, and precluded because the claims had, in fact, been previously addressed on the merits. See, Ligtenberg v. State, No. A15-1704, 2016 WL 3223207, at *2-4 (Minn. Ct. App. June 13, 2016). The Minnesota Court of Appeals affirmed the summary denial, and the Minnesota Supreme

---

[1]Ligtenberg filed an earlier petition for post-conviction relief before his direct appeal had concluded; the trial court's denial of that petition was consolidated with Ligtenberg's direct appeal. See, Ligtenberg v. State, No. A11-2207, 2012 WL 3263879, at *1 (Minn. Ct. App. Aug. 13, 2012). Because Ligtenberg's earliest petition for post-conviction relief does not affect the federal habeas corpus limitations period, this Court will discuss only the petitions for post-conviction relief filed *after* Ligtenberg's direct appeal had concluded (and will refer to these later petitions as the "first" and "second" petitions, respectively).

Court declined review on August 23, 2016. Ligtenberg then filed his federal habeas corpus petition

on or about December 23, 2016.[2]

Broadly speaking, Ligtenberg raises two claims in his federal habeas corpus petition.  First,

Ligtenberg alleges that he "was denied a constitutional right to a fair trial with adequate counsel."

(See, Petition, [Docket No. 1], at 7) (emphasis omitted). Second, Ligtenberg alleges that the

Minnesota post-conviction procedures are constitutionally inadequate. (Id.).

However, Ligtenberg's federal habeas corpus petition is barred by the relevant statute of

limitations.  Under 28 U.S.C. § 2244(d)(1):

> A 1-year period of limitation shall apply to an application for a writ
> of habeas corpus by a person in custody pursuant to the judgment of
> a State court.  The limitation period shall run from the latest of
>
> > (A) the date on which the judgment became final by
> > the conclusion of direct review or the expiration of the
> > time for seeking such review;
> >
> > (B) the date on which the impediment to filing an
> > application created by State action in violation of the
> > Constitution or laws of the United States is removed,
> > if the applicant was prevented from filing by such
> > State action;
> >
> > (C) the date on which the constitutional right asserted
> > was initially recognized by the Supreme Court, if the
> > right has been newly recognized by the Supreme

---

[2]"[A] pro se prisoner's petition for a writ of habeas corpus is filed on the date it is delivered to prison authorities for mailing to the clerk of the court." Nichols v. Bowersox, 172 F.3d 1068, 1077 (8th Cir.1999) (en banc), overruled on other grounds by Riddle v. Kemna, 523 F.3d 850 (8th Cir. 2008); accord Streu v. Dormire, 557 F.3d 960, 962 (8th Cir. 2009). Ligtenberg's petition is dated December 23, 2016, and was received by the Court on December 29, 2016. For purposes of this analysis, this Court will assume that the petition was placed in the mail on the date that the petition was signed, but the precise date that Ligtenberg's petition was filed is ultimately immaterial.

> Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Two of those provisions are irrelevant to this case; Ligtenberg does not allege that he was impeded from filing a federal habeas corpus petition earlier, and he does not rely upon a constitutional right newly recognized by the Supreme Court. (See, Petition [Docket No. 1])

The limitations period for Ligtenberg's claims is therefore supplied by either § 2244(d)(1)(A) or § 2244(d)(1)(D). Under § 2244(d)(1)(A), Ligtenberg would be required to file his federal habeas petition within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . ." The Minnesota Supreme Court declined review of Ligtenberg's direct appeal on August 26, 2009. (See, Petition, [Docket No. 1], at 4-5). Because Ligtenberg did not seek a petition for a writ of certiorari from the United States Supreme Court, his conviction became final 90 days after the Minnesota Supreme Court's denial of review   that is, on November 24, 2009. See, Jihad v. Hvass, 267 F.3d 803, 804 (8th Cir. 2001).

If § 2244(d)(1)(A) supplies the date on which the limitations period for Ligtenberg's habeas corpus petition began, then his petition was clearly filed too late. November 24, 2009 was "the date on which the judgment became final by the conclusion of direct review," meaning that Ligtenberg would have had to file his habeas petition by no later than November 24, 2010 in order to be timely. Ligtenberg did not file the pending habeas corpus petition until over six years after that date. And although 28 U.S.C. § 2244(d)(2) provides that the federal limitations period is tolled during any period for which a properly filed application for State post-conviction or other collateral review is

pending, this provision only pauses the one-year clock; the limitations clock is not restarted with each new petition for post-conviction relief in state court. See, Cordle v. Guarino, 428 F.3d 46, 48 n.4 (1st Cir. 2005). There are multiple periods after Ligtenberg's conviction became final during which no motion was pending in state court, including a period of over *two* years separating the Minnesota Supreme Court's decision declining review of the denial of Ligtenberg's first petition for post-conviction relief (October 24, 2012) and the filing if Ligtenberg's state habeas corpus petition (November 5, 2014).[3]

Certain of Ligtenberg's claims appear to depend, at least arguably, on facts discovered by Ligtenberg after his direct appeal had concluded. Under § 2244(d)(1)(D), the one-year limitations period for federal habeas corpus relief may also run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." As explained below, Ligtenberg's petition is untimely under § 2244(d)(1)(D) as well, as the factual predicate of each of his claims could have been known with reasonable diligence prior to October 24, 2012, after which more than a year passed in which no motion for relief was pending in state court.

First, in September 2009 — shortly after the Minnesota Supreme Court declined review of Ligtenberg's conviction — Ligtenberg filed a motion before the trial court seeking access to the victim's medical records, believing that those records were likely to contain exculpatory evidence. (See, Petition, [Docket No. 1], at 5). The motion was denied by the trial court in January 2010. (Id.). Ligtenberg did not appeal that decision directly, but he did allege in his first-petition for post-

---

[3]This Court assumes, for sake of argument, that each of Ligtenberg's state-court petitions was "properly filed" within the meaning of § 2244(d)(2).

conviction relief that the trial court erred in its denial of his request for the medical records. The

Minnesota Court of Appeals affirmed the denial for the following reasons:

> Ligtenberg could have pursued discovery of the victim's medical records before trial with reasonable diligence. Moreover, Ligtenberg seeks to use such evidence solely for impeachment purposes. Thus, the evidence is not material. Also, Ligtenberg concedes that he does not know what the medical records contain; thus, he cannot show that the evidence would probably produce a more favorable result on retrial.

Ligtenberg v. State, 2012 WL 3263879, at *3 (quotations and citations omitted). Whether the

Minnesota Court of Appeals was correct in its analysis is not important for purposes of this

Recommendation; what *is* important is that the factual predicate of any claims regarding these

medical records would have been known to Ligtenberg by no later than the date that he raised that

claim in his petition for post-conviction relief. Even giving Ligtenberg every benefit of the doubt,

more then four years passed between the date on which review of this claim concluded in state

court  October 24, 2012, the date on which the Minnesota Supreme Court declined review of the

denial of the petition   and the filing of the present federal habeas corpus petition. And as explained

above, more than two years passed after October 24, 2012 during which no petition for post-

conviction or collateral relief was pending in state court. Thus, if § 2244(d)(2) establishes the

limitations period for this claim, the claim is nevertheless untimely.[4]

---

[4]The Supreme Court has found that a petitioner may overcome the statute of limitations established by § 2244(d) in "cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" McQuiggin v. Perkins, 133 S. Ct. 1924, 1933 (2013) (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995)). Although Ligtenberg claims that the victim's medical records would have proven exculpatory, he provides no support for that allegation   in fact, he conceded in state court that he had no basis for believing the records to contain any exculpatory information. See, Ligtenberg v. State, 2012 WL 3263879, at *3 ("Ligtenberg concedes that he does not know what the medical records

(continued...)

Second, Ligtenberg raises claims related to the inadequacy of Minnesota's procedures for post-conviction relief. For example, Ligtenberg believes that the two-year state limitations period for filing petitions for post-conviction relief amounts to an injustice on prisoners, who are often unrepresented by counsel and face other practical hurdles in seeking collateral relief. Assuming that this claim is a cognizable basis for habeas corpus relief at all, the factual predicate of this claim would have been known to Ligtenberg by no later than the date that the denial of his first petition for post-conviction relief on these disputed procedural grounds had been fully litigated in state court   again, on October 24, 2012.

Finally, although the denial of Ligtenberg's final petition for post-conviction relief was not fully litigated until August 23, 2016, the factual predicates of each of the claims raised in that petition would have been known to Ligtenberg either on direct appeal or during the earlier round of post-conviction litigation. In his final petition for post-conviction relief, Ligtenberg "essentially allege[d] (1) improper notice of and improper venue for two Ramsey County offenses that were joined with the original charge for trial and (2) ineffective assistance of . . . appellate counsel for failure to discover the notice and venue issues." See, Ligtenberg v. State, 2016 WL 3223207, at *3. The first of these claims would (or, with reasonable diligence, should) have been known to Ligtenberg at the time of his trial. The second of these claims would have been known to Ligtenberg at the time the alleged ineffective assistance occurred, at the time of his earlier appeal. In other words, the factual predicates of both claims would have been known earlier than October 24, 2012.

---

[4](...continued)
contain . . . ."). Because of the scant support for his claim of actual innocence, Ligtenberg has not met a threshold showing of actual innocence to permit this case to continue.

More than one year passed from that date during which no state-court litigation was pending. These underlying claims are therefore also untimely under § 2244(d)(1)(D).

Accordingly, it is recommended that Ligtenberg's federal habeas corpus petition be summarily dismissed. Only one matter merits further comment: A § 2254 habeas corpus petitioner cannot appeal an adverse ruling on his petition unless he is granted a certificate of appealability ("COA"). See, 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA cannot be granted unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). In this case, it is highly unlikely that any other court, including the Eighth Circuit Court of Appeals, would treat Ligtenberg's current habeas corpus petition differently than it is being treated here. Ligtenberg has not identified, and this Court cannot discern, anything novel, noteworthy or worrisome about this case that warrants appellate review. It is therefore recommended that Ligtenberg should not be granted a certificate of appealability in this matter.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1.      Petitioner Jason Ligtenberg's petition for a writ of habeas corpus, [Docket No. 1], be **DENIED**;

2.      This action be **DISMISSED**; and

3.      No certificate of appealability be granted.


Dated: February 17, 2017                    s/Leo I. Brisbois
                                             Leo I. Brisbois
                                             United States Magistrate Judge




## NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  LR 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

**Under Advisement Date:**  This Report and Recommendation will be considered under advisement 14 days from the date of its filing.  If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.