## UNITED STATES DISTRICT COURT

## DISTRICT OF MINNESOTA

| | |
|---|---|
| JASON LIGTENBERG,<br><br>Plaintiff,<br><br>v.<br><br>BECKY DOOLEY, *Warden for the Moose Lake Correctional Facility*<br><br>Defendant. | Civil No. 16-4398 (JRT/LIB)<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE |

Jason Ligtenberg, #224559, MCF-Moose Lake, 1000 Lakeshore Drive, Moose Lake, MN 55767-9449, *pro se* plaintiff.

James P. Spencer, Olmsted County Attorney, 151 Fourth Street Southeast, Rochester, MN 55904, for defendant.

Plaintiff Jason Ligtenberg, an inmate at the Moose Lake Correctional Facility, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On February 17, 2017, Magistrate Judge Leo I. Brisbois recommended that the petition be denied and the action dismissed. After an independent review of the files, records, and proceedings, the Court will conclude that Ligtenberg's petition is untimely and will, therefore, dismiss the action.

## BACKGROUND

In 2007, Ligtenberg was found guilty of first-degree and second-degree criminal sexual conduct. (Pet. at 3, Dec. 29, 2016, Docket No. 1.) The Minnesota Court of Appeals affirmed Ligtenberg's conviction. *State v. Ligtenberg*, No. A08-0073, 2009 WL 1677852 (Minn. Ct. App. June 16, 2009). The Minnesota Supreme Court denied Ligtenberg's writ of certiorari on August 26, 2009. (Pet. at 5.)

Ligtenberg subsequently filed two petitions for post-conviction relief and a habeas corpus petition in state court.[1] The state district court denied the first petition on October 10, 2011. *See Ligtenberg v. State*, No. A11-2207, 2012 WL 3263879, at *1 (Minn. Ct. App. Aug. 13, 2012), *review denied* (Minn. Oct. 24, 2012). The Minnesota Court of Appeals affirmed the denial, *see id.*, and the Minnesota Supreme Court denied review on October 24, 2012. (Pet. at 5.) From October 24, 2012, to November 5, 2014, there were no pending motions in state court related to Ligtenberg's conviction. (*Id.*)

Ligtenberg filed a habeas corpus petition with the Minnesota Supreme Court on November 5, 2014. (*Id.*) The Minnesota Supreme Court denied his petition on December 22, 2014. (*Id.*)

Ligtenberg filed his second petition for post-conviction relief in June 2015. The state district court summarily denied the petition on the grounds that Ligtenberg's claims were untimely, could have been raised previously, and had previously been addressed on the merits. *See Ligtenberg v. State*, No. A15-1704, 2016 WL 3223207, at *2-*4 (Minn. Ct. App. June 13, 2016), *review denied* (Aug. 23, 2016). The Minnesota Court of Appeals affirmed the summary denial, *see id.*, and the Minnesota Supreme Court denied review on August 23, 2016. (Pet. at 5.)

Ligtenberg petitioned the Court for habeas corpus relief on December 23, 2016. He alleges that he was denied a right to a fair trial because (1) he did not have access

---

[1] As the Magistrate Judge noted, Ligtenberg filed a previous petition for post-conviction relief before his direct appeal had concluded. (R. & R. at 2 n.1, Feb. 17, 2017, Docket No. 8.) That petition for post-conviction relief is not relevant to the timeliness of Ligtenberg's current habeas corpus petition.

exculpatory medical records; (2) notice and venue were improper with respect to two offenses that occurred in Ramsey County; and (3) his appellate counsel was ineffective in failing to discover the notice and venue issues.  (Pl.'s Mem. of Law at 11-14, Dec. 29, 2016, Docket No. 2.)  Ligtenberg further claims that Minnesota's post-conviction procedures violate the Due Process Clause and the Equal Protection Clause.  (*Id.* at 14-27.)  Magistrate Judge Brisbois recommended that the Court dismiss Ligtenberg's petition as time-barred.  (R. & R. at 8, Feb. 17, 2017, Docket 8.)  Ligtenberg filed an objection to the report and recommendation.  (Objs. to R. & R., Mar. 9, 2017, Docket 11.)

## ANALYSIS

### I.  STANDARD OF REVIEW

Upon the filing of a report and recommendation by a magistrate judge, a party may "serve and file specific written objections to the proposed findings and recommendations."  Fed. R. Civ. P. 72(b)(2); *accord* D. Minn. LR 72.2(b)(1).  "The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3); *accord* D. Minn. LR 72.2(b)(3).  The Court construes Ligtenberg's *pro se* pleadings liberally.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

## II.   STATUTE OF LIMITATIONS

A one-year statute of limitations applies to habeas corpus petitions brought pursuant to the judgment of a state court. 28 U.S.C. § 2244(d)(1). The statute of limitations runs from the latest of

> **(A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;**
>
> (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> **(D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.**

*Id.*, (A)–(D) (emphasis added). Ligtenberg has not alleged a violation of a newly recognized constitutional right or a state-created impediment to his habeas corpus petition. The petition's timeliness therefore depends upon (1) the date on which Ligtenberg's judgment became final and (20 the dates on which he could have discovered the factual predicates of his claims.

The limitations period is tolled whenever a properly filed application for state post-conviction relief is pending, 28 U.S.C. § 2244(d)(2), but an application for post-

- 4 -

conviction relief does not restart the limitations period. *See King v. Hobbs*, 666 F.3d 1132, 1136 (8th Cir. 2012) (noting that the limitations period "resumed" after the conclusion of state proceedings).

### A. Section 224(d)(1)(A)

Under Section 2244(d)(1)(A), the underlying criminal conviction that results in the petitioner's custody provides the relevant "judgment." *See Martin v. Fayram*, 849 F.3d 691, 696 (8th Cir. 2017). That judgment becomes final when the defendant does not petition the United States Supreme Court for a writ of certiorari within ninety days of exhausting state appellate court review. *See id.* at 697.

Ligtenberg's judgment became final on November 24, 2009, ninety days after the Minnesota Supreme Court declined to hear his criminal appeal. Absent the filing of his post-conviction petitions, Ligtenberg had until November 24, 2010 to file his habeas corpus petition. Although the filing of an application for post-conviction relief tolls the statute of limitations, there was still a two-year period between October 24, 2012 and November 4, 2014 in which there was no motion pending in state court. Because Ligtenberg did not file his habeas corpus petition within one year of the final judgment, the petition is time-barred under Section 2244(d)(2).

### B. Section 2244(d)(1)(D)

If Section 2244(d)(1)(D) applies to this case, Ligtenberg's petition is still time-barred. Under Section 224(d)(1)(D), the statute of limitations runs from the "the date on which the factual predicate of the claim or claims presented could have been discovered

through the exercise of due diligence." Ligtenberg's claims involve the following factual predicates: (1) the fact that Ligtenberg did not have access to medical records he contends are exculpatory; (2) the fact that Ligtenberg received improper notice, and the case was venued in the wrong state district court; (3) the failure of his appellate counsel to discover the notice and venue issues; and (4) the constitutionality of Minnesota's post-conviction relief procedures;. (*See* Pl.'s Mem. of Law at 8-9, 14.)

Ligtenberg filed a motion with the state district court on September 17, 2009, seeking release of the medical records. (Pet. at 5.) In denying his first post-conviction petition, the Minnesota Court of Appeals noted, "Lightenberg could have pursued discovery of the victim's medical records before trial with reasonable diligence." *Ligtenberg*, 2012 WL 3263879, at *3. At the latest, Ligtenberg must have been aware of that he did not have access to medical records when he filed the motion with the state district court on September 17, 2009. The Minnesota Supreme Court denied Ligtenberg's post-conviction motion challenging the state district court's decision on October 24, 2012, and Ligtenberg did not file another motion for two years. Ligtenberg, therefore, did not file a habeas corpus petition within a year of discovering that he did not have access to the victim's medical records.

The factual predicates for Ligtenberg's venue and ineffective-assistance-of-counsel claims were known to him by the time he filed his first petition for post-conviction relief. *Ligtenberg*, 2012 WL 3263879, at *2 (analyzing these issues on a post-conviction appeal). Ligtenberg discovered the factual predicates for these claims before

October 24, 2012, and did not file a habeas corpus petition within a year of discovering the venue and the ineffective-assistance-of-counsel claims.

Ligtenberg should have discovered any alleged constitutional defects in Minnesota's post-conviction procedures following the complete adjudication of his first post-conviction petition.  By this point Ligtenberg had undergone the post-conviction procedures and through reasonable diligence could have discovered their alleged unconstitutionality.  Even assuming he was not aware of these alleged deficiencies until the Minnesota Supreme Court denied review of that petition on October 24, 2012, more than one year passed during which no state proceedings were pending.

Because Ligtenberg could have discovered the factual predicates underlying each of his claims through the exercise of due diligence more than one year before he filed his habeas corpus petition, the petition is untimely.  28 U.S.C. § 2244(d)(1)(D).

### III.   CERTIFICATE OF APPEALABILITY

Under Section 2254, a habeas corpus petitioner may not appeal an adverse ruling unless granted a certificate of appealability ("COA").  *See* 28 U.S.C.§ 2253(c)(1).  A court cannot grant a COA unless the petitioner has "made a substantial showing of the denial of a constitutional right."  *Id.* § 2253(c)(2).  When a district court dismisses a petition on procedural grounds, the petitioner must also show that reasonable jurists could find the district court's procedural ruling debatable.  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Because Ligtenberg has not made such a showing, the Court need not reach his constitutional claims.  *See id.* at 485.  It is highly unlikely that the Court of Appeals or

any other court would disagree that Ligtenberg's claims are time-barred. The Court therefore will not issue a COA.

## ORDER

Based on the foregoing, and all files, records, and proceedings herein, the Court **OVERRULES** Plaintiffs' Objections [Docket. No. 11] and **ADOPTS** the Report and Recommendation of the Magistrate Judge [Docket No. 8].

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Petition for a Writ of Habeas Corpus [Docket No. 1] is **DENIED**.

2. The action is **DISMISSED WITH PREJUDICE**; and

3. No certificate of appealability is granted.

**LET JUDGMENT BE ENTERED ACCORDINGLY**

DATED: December 12, 2017                  _____s/John R. Tunheim_____
at Minneapolis, Minnesota.                      JOHN R. TUNHEIM
                                                                    Chief Judge
                                                          United States District Court